# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARL R. WESTON and<br>JAMES H. WESTON,<br><br>    Plaintiffs,<br><br>v.<br><br>RONDA R. WESTON and<br>CANDICE D. EHMEN,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 08-CV-0365-CVE-SAJ<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Now before the Court is Defendants' Motion to Dismiss and Brief in Support (Dkt. # 8) and plaintiffs' Amendment to the Petition Leave of Court to Join (Dkt. # 11).[1] Defendants argue that plaintiffs have not stated a claim upon which relief may be granted and ask the Court to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). Defendants also assert that the Court lacks subject matter jurisdiction over plaintiffs' claims and seek dismissal of plaintiffs' complaint under Rule 12(b)(1). Plaintiffs have not responded to defendants' motion and the time to respond has expired. Instead, plaintiffs have filed a motion to amend requesting permission to add Bryan K. Weston as a defendant.

The complaint contains few, if any, factual allegations that describe plaintiffs' claims against defendants, but it appears that this case arises out of a state court lawsuit between the same parties. Construing plaintiffs' complaint liberally, plaintiffs allege that defendants committed contempt of

---

[1] Plaintiffs' amendment to the petition (Dkt. # 11) is one page and, standing alone, does satisfy the pleading requirements of Fed. R. Civ. P. 8. Therefore, the Court will treat plaintiffs' filing as a motion to amend rather than as an amended complaint.

court or perjury in an unspecified Oklahoma court, but no supporting facts are offered. Dkt. # 1, at 2. Plaintiffs also allege that defendants forged a signature for a loan in Catoosa, Oklahoma. Id. Plaintiffs cite numerous federal statutes and constitutional provisions as grounds for relief, including 42 U.S.C. §§ 1981, 1983 and 1985, and the First, Fourth, Seventh, and Fourteenth Amendments to the United States Constitution. Plaintiffs admit that defendants are private actors but allege that defendants conspired with a state court judge to violate their federal constitutional rights. Plaintiffs do not claim that this Court has jurisdiction based on diversity of citizenship but, instead, plaintiffs impliedly assert that the Court has subject matter jurisdiction over their claims that arise under federal law.

A motion to dismiss is properly granted when a complaint or counterclaim provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. The factual allegations within the claim "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. For purposes of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Id. at 1965; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-

55 (10th Cir. 2001) (citations omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellman, 935 F.2d 1106, 1109-10 (10th Cir. 1991). In sum, the claimant must allege facts sufficient to state a claim for relief that is plausible on its face. Twombly, 127 S. Ct. at 1974.

Defendants assert that plaintiffs have not stated a cognizable legal claim under any federal statute or constitutional provision, and ask the Court to dismiss the complaint for failure to state a claim upon which relief can be granted. Plaintiffs have been given ample time to respond to defendants' motion and have chosen not to file a response. Even though plaintiffs have not responded to defendant's motion, the Court will construe plaintiffs' pro se pleadings liberally when ruling on defendants' motion to dismiss. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). "Although '[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers,' . . . 'pro se parties [must] follow the same rules of procedure that govern other litigants.'" Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (quoting Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)).

It appears that plaintiffs attempt to state a claim for relief under 42 U.S.C. § 1983. "The core inquiry under any § 1983 action . . . is whether the plaintiff has alleged an actionable constitutional violation." Becker v. Kroll, 494 F.3d 904, 914 (10th Cir. 2007). Due to the lack of coherent factual allegations, plaintiffs have not identified a specific constitutional right that defendants have allegedly violated. Albright v. Oliver, 510 U.S. 266, 271 (1994) ("Section 1983 'is not itself a source of substantive rights,' but merely provides a 'method for vindicating federal rights elsewhere conferred.'"). Another essential element of any § 1983 claim is that the defendant must have been

acting under the color of state law when the alleged constitutional violation occurred. See Anderson v. Suiters, 499 F.3d 1228, 1232-33 (10th Cir. 2007). In this case, the complaint states that defendants are private citizens who conspired with state actors, such as a state court judge, and plaintiffs allege that this satisfies the state actor requirement. In a § 1983 claim alleging a conspiracy between a state court judge and private parties, the plaintiff must allege specific facts "tending to show agreement and concerted action" to satisfy the state action requirement under § 1983. Sooner Prod. Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1983). Plaintiffs have not alleged any specific facts showing an agreement between defendants and a state court judge to violate their civil rights. Due the lack of an alleged constitutional violation and a state actor, plaintiffs have not stated a colorable claim under § 1983.

The Court has reviewed the remainder of the complaint and finds that plaintiffs have not stated a claim against defendants. Plaintiffs cite 42 U.S.C. §§ 1981 and 1985 as bases for relief. However, these statutes provide a cause of action for alleged racial discrimination, and plaintiffs do not allege any facts that could reasonably state a discrimination claim. See CBOCS West, Inc. v. Humphries, 128 S. Ct. 1951, 1953 (2008); Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268 (1993). To the extent that plaintiffs rely on federal criminal statutes to state a civil claim against defendants, these statutes do not create a private right of action. Norman v. Campbell, 87 Fed. Appx. 582, 584-85 (7th Cir. 2003); Anderson v. Wiggins, 460 F. Supp. 2d 1, 8 (D.D.C 2006).

Although plaintiffs are proceeding pro se and the Court must construe their pleadings liberally, this does not relieve plaintiffs of their burden to adequately plead a claim for relief against defendants. Construing plaintiffs' complaint liberally, it appears that they may be alleging a state law fraud claim against defendants. However, plaintiffs have not alleged any basis for federal

4

subject matter jurisdiction over their claims. The complaint does not identify the citizenship of the parties and the Court has no basis to exercise diversity jurisdiction over this case.[2] Under 28 U.S.C. § 1331, a claim invoking federal jurisdiction may be dismissed "if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Arbaugh v. Y&H Corp., 546 U.S. 500, 513 n.10 (2006) (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)). Plaintiffs' claims falls into the category of claims that are wholly insubstantial and frivolous, and there is no basis for the Court to exercise federal subject matter jurisdiction over any of plaintiffs' claims. Without a valid claim arising under federal law, the Court may not exercise supplemental jurisdiction to hear a fraud claim arising solely under state law. 28 U.S.C. § 1367. Therefore, plaintiffs' case should be dismissed.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss and Brief in Support (Dkt. # 8) is **granted**, and plaintiffs' Amendment to the Petition Leave of Court to Join (Dkt. # 11) is **denied**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for an [sic] Scheduling Order (Dkt. # 10) is **moot**.

**DATED** this 26th day of August, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Defendants state that all parties are citizens of Oklahoma for the purpose of determining diversity jurisdiction under 28 U.S.C. § 1332 and the Court could not exercise subject matter jurisdiction on this basis. Dkt. # 8, at 4. As plaintiffs have not properly alleged diversity jurisdiction, it is not necessary to consider this argument.