**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

CARL R. WESTON, individually, and
JAMES H. WESTON, individually,

Plaintiffs,

vs.

RHONDA R. WESTON, individually, and
CANDICE D. EHMEN, individually,

Defendants.

Case No. 08-cv-365-CVE-TLW

**AMENDED REPORT AND RECOMMENDATION**

This matter has been referred to the undersigned United States Magistrate Judge for Report and Recommendation as to Defendants' Motion for Attorney Fees [Dkt. 16], Plaintiffs' Motion to Dismiss [Dkt. #18], Plaintiffs' Second Motion to Dismiss [Dkt. # 22], and Defendants' Supplemental Motion for Attorney Fees [Dkt. #27].[1] An initial Report and Recommendation was issued February 19, 2009. This Amended Report and Recommendation is procedural only and does not alter the substance of the undersigned's recommendation.

BACKGROUND

On June 23, 2008, pro se plaintiffs Carl R. Weston and James H. Weston filed their complaint, which they entitled "FRAUD CONSPIRACY/OBSTRUCTION OF JUSTICE TAX FRAUD, MONEY LAUNDERING, WIRE FRAUD, PERGERY [sic]." [Dkt. #1]. Plaintiffs alleged that defendants were "guilty . . . of all of the above under authority of Title 42 USC [§ 1983] and Title 18, for deprivation of federally protected rights reserved under the Bill of

[1] Plaintiffs' Motion to Dismiss and Second Motion to Dismiss [Dkt. # 18 and # 22] both ask the Court to dismiss defendants' Motion for Attorney Fees. The undersigned treated plaintiffs' motion as an affirmative request to "dismiss" defendants' Motion for Attorney Fees and as a response to that motion.

Rights, The [D]eclaration of Independence and of the United States Constitutional Amendments One, Four, Five and Seven and/or from the Federalist Papers including United States Amendment Fourteen and the common law authorities." [Dkt. #16]. After ferreting through plaintiffs' allegations, it is clear that the gravamen of plaintiffs' Complaint was a claim under 42 U.S.C. § 1983.

After filing a Rule 12(b)(6) motion to dismiss and prevailing on all of plaintiffs' claims, defendants now seek an award of attorneys' fees under 42 U.S.C. § 1988. [Dkt. #16]. Section 1988 allows the Court to award, as costs and in its discretion, attorneys' fees to the prevailing party "in any action or proceeding to enforce a provision of section 1983." Since defendants prevailed on plaintiffs' Section 1983 claims, Section 1988 is applicable to this action, although recovery of attorneys' fees by defendants is by no means automatic. Under Section 1988, "a prevailing defendant may recover an attorney's fee award only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." Houston v. Norton, 215 F.3d 1172, 1175 (10th Cir. 2000) (quoting Hensley v. Eckerhart, 461 U.S. 424, 429 n.2, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)); Hughes v. Rowe, 449 U.S. 5, 14-16, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); Campbell v. Cook, 706 F.2d 1084, 1086 (10th Cir. 1983).

## ANALYSIS

The District Judge in this case specifically found that plaintiffs' claims were "frivolous," [Dkt. # 14 at 5] and the Tenth Circuit, in a non-binding unpublished opinion, has ruled that a "district court errs in not awarding an attorney's fee [under Section 1988] on a prevailing party's motion when the district court decides the action is frivolous." Marley v. Wright, 968 F.2d 20, 1992 WL 149922 (C.A.10 (Okla.)). On the other hand, an award of

fees against a pro se plaintiff under Section 1988 is rare. Olsen v. Aebersold, 149 Fed. Appx. 750, 2005 WL 2093012 (C.A.10 (N.M.)).[2] The Tenth Circuit, in Houston v. Norton, stated that "the district court should consider the pro se plaintiff's ability to recognize the objective merit of his or her claim." Houston, 215 F.3d at 1175. Since Marley is not binding and did not involve a pro se plaintiff, Houston is the guiding authority in this case.

To say that plaintiffs were ill-prepared to litigate this action would be a gross understatement. Based on the February 10 hearing on defendants' Motion for Attorneys' Fees, it is obvious to the undersigned that plaintiffs spent a tremendous amount of time researching and preparing a complaint that they believed stated a claim against the defendants. They could not have been more wrong. By way of example, when asked at the hearing why they filed this action, plaintiffs stated that they believed they had a cognizable claim under Section 1983 because in a prior state court lawsuit against these same defendants, the state court judge presided over a result that plaintiffs did not like and which plaintiffs considered to be in violation of their civil rights.[3] Thus, in plaintiffs' mind, the state court judge was a "state actor" who conspired with defendants, giving rise to plaintiffs' Section 1983 claim. Yet, at the hearing, plaintiffs identified no instance of improper conduct by the state court judge and readily volunteered that he is a good judge.[4]

[2] In Olsen the Tenth Circuit upheld an award of fees against a pro se plaintiff under facts indicating the plaintiff was well aware of the defect in his lawsuit but proceeded anyway. 149 Fed. Appx. at 753. As discussed below, that is not the case here.

[3] Plaintiffs prevailed in the state court lawsuit.

[4] In another display of ineptness, Plaintiffs stated that they failed to respond to defendants' motion to dismiss, because they believed that the Court's order requiring the parties to submit a Joint Status Report meant they did not need to do so. Plaintiffs' failure is not excusable, but it does provide some insight into plaintiffs' mindset. A party determined to pursue litigation simply for the sake of pursuing litigation would not ordinarily forego the opportunity to respond to a motion to dismiss. As stated above, Plaintiffs also improperly filed two "Motions to Dismiss" defendants' Motion for Attorney Fees and cited, in those motions, to a large number of completely inapplicable statutes.

A quick review of the hearing transcript would reveal other similar instances in which plaintiffs' wrongly believed they had a basis for filing this action.[5]

Given the quality of the legal work produced by defendants' counsel in this action, it is understandable that defendants, and their counsel, believed this action was not only frivolous, but that it was filed vexatiously and in bad faith, thus warranting an award of fees. Had there been no hearing in which the undersigned was able to observe plaintiffs' credibility, it is likely that this Report and Recommendation would agree. In fact, it is difficult to imagine a set of facts in which a plaintiff, pro se or otherwise, could file such a totally meritless action in good faith. Nonetheless, such a set of facts exists here. It is quite clear from the transcript, and based on a first hand observation of plaintiffs, that plaintiffs were incompetent to pursue this lawsuit, but it is equally clear that plaintiffs actions were not vexatious and that plaintiffs had no ability whatsoever to recognize "the objective merit of [their] claim[s]," which in this case was none. For this reason, and because this lawsuit appears to be plaintiffs' first meritless adventure into the federal courts, the undersigned **recommends** that defendants' request for attorney fees, and plaintiffs' motions to dismiss, be **DENIED**. However, Plaintiffs now know that filing meritless complaints in this court can result in the award of attorneys' fees against them, or perhaps sanctions.[6]

---

[5] The undersigned ordered a transcript of the attorneys' fees hearing, which was filed of record on February 20, 2009.

[6] In defendants' Motion for Attorneys' Fees, defendants state that the Court could also award attorneys' fees under Rule 11. For the reasons set forth herein, the undersigned does not believe that the facts presented give rise to a situation that would warrant an award of attorneys' fees under Rule 11 and, thus, declines to recommend such an award here.

RECOMMENDATION

Based on the foregoing, the undersigned United States Magistrate Judge **recommends** that defendants' Motion for Attorney Fees [Dkt. 16] be **DENIED**, that Plaintiffs' Motion to Dismiss [Dkt. #18] be **DENIED**, that Plaintiffs' Second Motion to Dismiss [Dkt. # 22] be **DENIED**, and that Defendants' Supplemental Motion for Attorney Fees [Dkt. #27] be **DENIED**.

OBJECTIONS

In accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this Report and Recommendation. Objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within ten (10) days of being served with a copy of this Report and Recommendation. See Fed. R. Civ. P. 6 (as to computation of time periods). If specific written objections are timely filed, the district judge assigned to this case will:

> make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b); see 28 U.S.C. § 636(b)(1).

The Court of Appeals for the Tenth Circuit has adopted a "firm waiver rule" in connection with appeals from orders adopting a Magistrate Judge's report and recommendation. "[T]he failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." United States v. One Parcel of Real Property, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting Moore v.

United States, 950 F.2d 656, 659 (10th Cir. 1991)). **Thus, a timely, specific and written objection is necessary to preserve an issue for *de novo* review by the assigned district judge and for appellate review by the court of appeals.** See Thomas v. Arn, 474 U.S. 140 (1985); Haney v. Addison, 175 F.3d 1217 (10th Cir. 1999); and Talley v.Hesse, 91 F.3d 1411 (10th Cir. 1996).

SUBMITTED this 23rd day of February, 2009.

T. Lane Wilson
United States Magistrate Judge