UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

CARL R. WESTON and )
JAMES H. WESTON, )
 )
       **Plaintiffs,** )
 )
v. ) Case No. 08-CV-0365-CVE-TLW
 )
RONDA R. WESTON and )
CANDICE D. EHMEN, )
 )
       **Defendants.** )

## OPINION AND ORDER

Now before the Court is the magistrate judge's amended report and recommendation (Dkt. # 34) recommending denial of Defendants Rhonda Weston and Candice Ehmen's Motion for Attorneys' Fees (Dkt. # 16), plaintiffs' motions to dismiss defendants' motion for attorney fees (Dkt. ## 18, 22), and Defendants Rhonda Weston and Candice Ehmen's Supplemental Motion for Attorneys' Fees (Dkt. # 27).[1] Defendants have filed an objection (Dkt. # 35) to the magistrate judge's amended report and recommendation, and ask the Court to reject the amended report and recommendation and grant their motion for attorney fees.

### I.

Plaintiffs filed a complaint, entitled "FRAUD CONSPIRACY/OBSTRUCTION OF JUSTICE TAX FRAUD, MONEY LAUNDERING, WIRE FRAUD, PERGERY [sic]," against defendants Rhonda R. Weston and Candica D. Ehmen alleging numerous violations of plaintiffs'

---

[1] The magistrate judge filed an amended report and recommendation (Dkt. # 34) to make specific findings on plaintiffs' motions to dismiss. The initial report and recommendation (Dkt. # 32) did not address the motions to dismiss but is the same in all other respects. Therefore, the magistrate judge's initial report and recommendation (Dkt. # 32) is moot.

constitutional and civil rights. Dkt. # 1, at 1. Construing the complaint broadly, it appears that plaintiffs were attempting to allege a claim under 42 U.S.C. § 1983 based on plaintiffs' dissatisfaction with the results of lawsuit filed by plaintiffs in state court.[2] Plaintiffs claimed that defendants, private litigants in a civil action, conspired with the state court judge and law enforcement officials to present false evidence during a state court proceeding. Defendants filed a motion to dismiss the complaint with prejudice on the grounds that plaintiffs had not stated a claim upon which relief could be granted and the Court lacked subject matter jurisdiction over the case. Dkt. # 8. Plaintiffs did not respond to defendants' motion. The Court found that plaintiffs had not stated a claim under 42 U.S.C. § 1983 or any other federal statute mentioned in the complaint. Dkt. # 14, at 3-4. The Court determined that plaintiffs may be attempting to allege state law claims, but plaintiffs had not pled diversity jurisdiction and there was no basis for the Court to exercise federal question jurisdiction over the case. Id. at 4-5. Therefore, the Court could not exercise supplemental jurisdiction over any state law claims. Id. at 5. The Court described plaintiffs' claims as "wholly insubstantial and frivolous," see dkt. # 14, at 5, and entered a judgment of dismissal of plaintiffs' claims (Dkt. # 15).

Defendants filed a motion for attorney fees on the ground that plaintiffs' claims are frivolous and, under 42 U.S.C. § 1988, defendants are entitled to attorney fees in the amount of $3,824.00. Dkt. # 16. Plaintiffs filed two responses (Dkt. ## 19, 23) and motions to dismiss (Dkt. ## 18, 22) to defendants' motion for attorney fees. Plaintiffs argued that defendants were not prevailing parties

---

[2]  The magistrate judge notes that plaintiffs prevailed in the state court lawsuit but plaintiffs believed that they should have recovered more money. Dkt. # 34, at 3 n.3. Plaintiffs state that they recovered approximately $30,000 from defendants in the state court lawsuit. Dkt. # 33, at 12.

and defense counsel was attempting to "double dip" by collecting attorney fees from plaintiffs when defendants had already paid a retainer to their attorneys. Dkt. # 22, at 1-3. Defendants filed a supplemental motion for attorney fees (Dkt. # 27) requesting an additional $4,900 of attorney fees incurred while litigating their motion for attorney fees.

The matter was referred to Magistrate Judge T. Lane Wilson for a report and recommendation. He set the pending motions for hearing on February 10, 2009. At the hearing, defendants relied on the complaint, this Court's opinion and order dismissing plaintiffs' claims, and documents from plaintiffs' state court lawsuit to support defendants' motion for attorney fees. Dkt. # 33, at 6-8. At no time during the hearing did defendants refer to any other litigation filed by plaintiffs in federal court. Plaintiffs claimed they did not respond to defendants' motion to dismiss the complaint because they believed the Court's order directing the parties to file a joint status report disposed of the motion to dismiss.[3] Dkt. # 33, at 10. Plaintiffs also claimed that they were aware of differences between state and federal courts, but they believed that federal jurisdiction existed over their claims that a state actor conspired to violate their due process rights under the federal constitution. Id. at 15-17.

The magistrate judge denied defendants' motion for attorney fees, even though he found that plaintiffs' claims were frivolous. He stated:

> Given the quality of the legal work produced by defendants' counsel in this action, it is understandable that defendants, and their counsel, believed this action was not only frivolous, but that it was filed vexatiously and in bad faith, thus warranting an award of fees. Had there been no hearing in which the undersigned was able to

---

[3] Plaintiffs did not participate in the preparation of a joint status report and, instead, filed their own status report attached as an exhibit to a motion for scheduling order. See Dkt. # 10, at 4 (status report prepared by plaintiffs only); Dkt. # 12 (status report filed by defendants only).

> observe plaintiffs' credibility, it is likely that this Report and Recommendation would agree. In fact, it is difficult to imagine a set of facts in which a plaintiff, pro se or otherwise, could file such a totally meritless action in good faith. Nonetheless, such a set of facts exists here. It is quite clear from the transcript, and based on first hand observation of plaintiffs, that plaintiffs were incompetent to pursue this lawsuit, but it is equally clear that plaintiffs actions were not vexatious and that plaintiffs had no ability whatsoever to recognize "the objective merits of [their] claim[s]." which in this case was none.

He also noted that "this lawsuit appears to be plaintiffs' first meritless adventure into federal courts." Dkt. # 34, at 4. Defendants have filed an objection (Dkt. # 35) to the amended report and recommendation and, in support of this objection, have attached records from numerous prior lawsuits filed by plaintiffs. Plaintiffs have filed at least five lawsuits in federal court in the Northern District of Oklahoma and one lawsuit in the District of New Hampshire. Dkt. # 35, at 6-9. Defendants argue that it was unnecessary to provide this evidence with their motion for attorney fees, because they believed that the magistrate judge was aware of plaintiffs' history of filing frivolous cases. Id. at 2.

**II.**

The Court must conduct a de novo review of the magistrate judge's amended report and recommendation. Under 28 U.S.C. § 636(b)(1), the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See also Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996) ("De novo review is required after a party makes timely written objections to a magistrate's report. The district court must consider the actual testimony or other evidence in the record and not merely review the magistrate's report and recommendations."). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

4

**III.**

Defendants object to the magistrate judge's amended report and recommendation, and ask this Court to reject the amended report and recommendation and grant defendants' original and supplemental motions (Dkt. ## 16, 27) for attorney fees. Defendants assert that the magistrate judge's findings that plaintiffs lacked the ability to understand the merits of their claims and that this case was plaintiffs' "first meritless adventure" into federal court are not supported by the record. Plaintiffs' response does not raise a coherent objection to the issues raised by defendants but, instead, plaintiffs ask the Court to sanction defendants for filing a frivolous objection to the magistrate judge's amended report and recommendation.[4]

Under a well-established principle of American jurisprudence, the prevailing litigant in a civil case is not ordinarily entitled to attorney fees from the losing party. Mountain West Mines, Inc. v. Cleveland-Cliffs Iron Co., 470 F.3d 947, 953 (10th Cir. 2006); FTC v. Kuykendall, 466 F.3d 1149, 1152 (10th Cir. 2006). However, Congress has enacted a specific statute governing the award of attorney fees in § 1983 actions. Roth v. Green, 466 F.3d 1179, 1994 (10th Cir. 2006). Section 1988(b) provides that "[i]n any action or proceeding to enforce a provision of sections 1981, 1981(a), 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." The Supreme Court has recognized that one of the primary purposes of § 1988(b) was to encourage

---

[4] Aside from being procedurally improper under Fed. R. Civ. P. 11, plaintiffs' requests for sanctions is wholly unsupported by the record and, quite to the contrary, defendants' objection raises legitimate arguments in support of their motion for attorney fees. The Court finds no basis to sanction defendants for filing an allegedly frivolous objection to the magistrate judge's amended report and recommendation, and plaintiffs' request for sanctions is denied.

5

private citizens to bring civil lawsuits to enforce their constitutional rights, because the cost of pursuing a legal action would be prohibitive for many citizens. Newman v. Piggie Park Ent., Inc., 390 U.S. 400, 402 (1968).

The statute does not distinguish between the prevailing plaintiff or defendant, but § 1988(b) was initially applied in favor of the prevailing plaintiff only. Albermarle Paper Co. v. Moody, 422 U.S. 405 (1975). However, the plain language of the statute shows that it applies to plaintiffs and defendants, but different standards apply depending on who prevails. The successful plaintiff should ordinarily be permitted to recover attorney fees in a § 1983 action "unless special circumstances would render such an award unjust." Northcross v. Board of Educ. of Memphis City Schools, 412 U.S. 427, 428 (1973). When a defendant prevails in a case falling within § 1988(b), "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978). If the court finds that a plaintiff brought his or her claim in bad faith, this provides a stronger basis to award attorney fees under the statute. Id. The fact that a plaintiff eventually loses his case does not, without something else, provide a justification for awarding attorney fees to the defendant. Hughes v. Rowe, 449 U.S. 5, 14 (1980). The Tenth Circuit has been clear that the Christianburg standard is a "difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." Mitchell v. City of Moore, Oklahoma, 218 F3d 1190, 1203 (10th Cir. 2000). Defendants must satisfy this high standard to show that plaintiffs' claims were patently frivolous and vexatious, and equitable considerations will normally require a court to deny a

6

defendant's motion for attorney fees in civil rights case. United States ex rel. Grynberg v. Praxair, Inc., 389 F.3d 1038, 1058 n.22 (10th Cir. 2004).

Defendants challenge the magistrate judge's findings that plaintiffs were inexperienced litigants incapable of recognizing the merits of their claims and that it was plaintiffs first "meritless adventure" into federal court. Defendants have provided evidence showing that plaintiffs have filed many pro se civil rights actions and are no strangers to federal courts. See Dkt. # 35, Exs. 1-20. However, this Court will not consider any arguments or evidence that were not presented to the magistrate judge. Objections to a report and recommendation should not be treated as a second bite at the apple, and arguments not raised before the magistrate judge are deemed waived. United States v. Garfinkle, 261 F.3d 1030 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."); Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Defendants did not argue to the magistrate judge that plaintiffs had filed prior lawsuits in federal court and specifically limited the evidence supporting their motion for attorney fees to the complaint, the Court's opinion and order, and certain records from plaintiffs' state court lawsuit. Dkt. # 33, at 6-8. Therefore, defendants have waived any arguments concerning prior federal lawsuits filed by plaintiffs and the Court will not consider this evidence when reviewing the magistrate judge's amended report and recommendation.

Based on the arguments and evidence presented to the magistrate judge, the Court agrees that defendants' motion and supplemental motion for attorney fees should be denied. The magistrate judge made specific credibility finds about plaintiffs' purpose for bringing this lawsuit and he determined that plaintiffs filed this lawsuit out of ignorance or misunderstanding of the law, rather

7

than to harass defendants. Dkt. # 34, at 4.  The Court has reviewed the transcript of the hearing on defendants' motions for attorney fees and finds that this was a reasonable conclusion.  At the hearing, defense counsel agreed with the magistrate judge that the sole basis for seeking attorney fees was the frivolous nature of this lawsuit and defendants could not produce any other evidence showing that plaintiffs filed the lawsuit to harass defendants or otherwise acted in bad faith.  Dkt. # 33, at 9 ("I think the case law is clear and I think, you know, based on the complaint and the things that we attached to our motion to dismiss, I believe that shows everything we need.  You know, it was proof for Judge Eagan that we believe this case was brought and that it was frivolous and that it's meritless, and we believe that that's sufficient for the award of attorney's fees.").  The undersigned and Magistrate Judge Wilson have both determined that plaintiffs' claims are frivolous.  However, the evidence presented to the magistrate judge did not contain any evidence that plaintiffs acted vexatiously or in bad faith by filing this lawsuit.  Without some evidence before the magistrate judge showing that plaintiffs acted in bad faith or filed the lawsuit solely to harass defendants, the Court declines to reject his recommendation.

The Court may have reached a different result if defendants had presented all of their evidence to the magistrate judge before he issued his amended report and recommendation. If defendants were aware of plaintiffs' prior litigation history, they should have brought it to the magistrate judge's attention.  A party may not treat objections to a magistrate judge's report and recommendation as an opportunity to raise new arguments that could have been presented to the magistrate judge, and defendants should not have assumed that the magistrate judge was familiar with plaintiffs or their litigation history.  **However, the Court hereby advises plaintiffs that any attempt to file future litigation similarly devoid of merit will result in sanctions, including an**

**award of attorney fees and potential filing restrictions on plaintiffs' right to file future lawsuits.**

**IT IS THEREFORE ORDERED** that the magistrate judge's amended report and recommendation (Dkt. # 34) is **accepted**, and Defendants Rhonda Weston and Candice Ehmen's Motion for Attorney Fees (Dkt. # 16), Plaintiffs' Motion to Dismiss (Dkt. # 18), Plaintiffs' Second Motion to Dismiss (Dkt. # 22), and Defendants Rhonda Weston and Candice Ehmen's Supplemental Motion for Attorneys' Fees (Dkt. # 27) are **denied**.

**IT IS FURTHER ORDERED** that the magistrate judge's original report and recommendation (Dkt. # 32) is **moot**.

**DATED** this 13th day of April, 2009.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT